# Pearson's Estate.

*Wills—Construction—Vested and contingent interests — Intention of testator—Technical rules of construction.*

1. Although the law favors the conclusion that an interest under a will is vested, the courts will not hesitate to decree otherwise if it clearly appears the gift is contingent.

2. In determining whether or not a gift is vested the entire will must be considered, and none of its language treated as meaningless, unless no other conclusion is reasonably possible.

3. It is not necessary to consider technical rules of construction, when the intention of a testator is clearly ascertainable without resort to them.

4. A will must be interpreted from the standpoint of the testator at the time of its execution, for only thus can his actual intention be ascertained.

Argued March 10, 1924.    Appeal, No. 124, Jan. T., 1924, by Anna May Pearson, petitioner, from decree of O. C. Northampton Co., discharging rule for citation, in estate of Birge Pearson, deceased.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Rule for citation against Anna A. Ayers, executrix of Birge Pearson, for accounting.  Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Anna May Pearson, petitioner, and widow and executrix of Clarence Pearson, son of Birge Pearson, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*F. W. Edgar,* with him *Clarence Beck,* for appellant, cited: Groninger's Est., 268 Pa. 184; Flick v. Oil Co., 188 Pa. 317; Mickley's App., 92 Pa. 514; Walker's Est., 277 Pa. 444.

*Asher Seip,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1924:

Testator's will, dated February 1, 1899, disposes of his residuary estate as follows:

"Fifth. I give, devise and bequeath the interest, income, rents or profits of the remainder of my estate, real or personal, to my wife, so long as she remains my widow, except as hereinafter directed.

"Sixth. Upon the death or remarriage of my wife before the expiration of fifteen years from the date of this will, I give, devise and bequeath the interest, income, rents or profits of the said remainder of my estate to my children until the expiration of said period of fifteen years.

"Seventh. If my said wife remains my widow and shall be living at the expiration of fifteen years from the date of this will, I direct that one-half of my estate, as it shall then be valued, shall be paid to my said children, share and share alike.

"Eighth. Upon the death or remarriage of my wife after the expiration of fifteen years, from the date of this will, I give, devise and bequeath the remainder of my estate, real or personal, not distributed as above mentioned, to my children, share and share alike.

"Ninth. I direct that if either of my children should die leaving issue, such issue shall take the share of their

parent, under the provisions of this will, and if either of my said children should die without issue, I direct the share of such child to be paid to my surviving child. If both my children should die without issue, before my wife, then the bequest to them, or such portion of such bequests as may then be undistributed, I give, devise and bequeath to my said wife, her heirs and assigns."

Testator left surviving him a widow, a son and a daughter. The daughter is still living. The son died December 25, 1916, leaving no issue; his widow is the executrix of and sole distributee under his will, and is the appellant here. The widow of the present testator died April 29, 1922.

On May 26, 1917 (the fifteen year period from February 1, 1899, having expired), testator's widow distributed one-half of the estate, as provided by the foregoing seventh paragraph of the will. The present contest is over the other half; appellant, as executrix and sole distributee of the son, claims that the estate vested in him and his sister at the time of their father's death, and was distributable to them on the death of their mother. The court below held that the gift was contingent, and because the son predeceased his mother, leaving no issue, the distributees under his will had no interest in this half of the estate. From the decree founded on this conclusion, the present appeal was taken.

Perhaps no subject in the law of wills has been provocative of more disputes than the generic question under consideration here, the law always favoring the conclusion that an interest is vested. Where, however, it clearly appears that a gift is contingent, the courts have not hesitated to so decree, and nowhere is that more true than in this court during recent years. We turn, therefore, to the clauses above quoted,—which are the only ones bearing on this question,—to see whether or not the court below properly construed them.

Under the seventh paragraph, the one-half of the estate, to be distributed at the end of the fifteen-year

period, should the widow be alive and unmarried at that time, was *then* to be valued, and distribution made accordingly. Yet the children, if their shares were vested, could have defeated that provision, by entering into any scheme of distribution they pleased, as well before as after that date.

By the eighth paragraph, testator provides that if his widow dies or marries after the expiration of the fifteen-year period, then "I give, devise and bequeath the remainder of my estate, real or personal, not distributed as above mentioned, to my children, share and share alike." This is a present gift,—"I give, devise and bequeath";—it refers to the particular one-half which is the subject of the present controversy, and is the only time any mention is made of a gift of the principal of it to the children. That clause must be construed, therefore, as determining that they did not get a vested interest at the death of their father; the earliest date at which it could have vested in them was that of their mother's death; at that time, however, the son was dead, and hence nothing could then vest in him, and the paragraph does not say that anything shall be distributable to those claiming under or through him.

When we turn to the ninth paragraph, we find the ultimate desire of testator; he there provides that if either child dies "leaving issue, such issue shall take the share of their parent, under the provisions of this will," but if there is no such issue "the share of such child [is] to be paid to my surviving child." Under this clause appellant, who is simply a distributee under the son's will, is necessarily excluded.

As showing still more clearly that no estate vested in the son on the death of his father, this paragraph further provides that if both his children should die without issue before his wife, she is given the estate absolutely; thus definitely excluding the idea of a vesting before her death. As already stated, the son predeceased her. Appellant's contention that the clause "before my wife"

does not necessarily mean "after my death and before [that of] my wife," and hence does not conclusively militate against a vesting at testator's death, is ingenious but not convincing; for the whole tenor of the will shows that he expected his wife to survive him, and drafted it upon that theory. In interpreting it, we must do so from this standpoint, therefore, for only by thus putting ourselves in his place can we ascertain his actual intention: Shaffer's Est., 262 Pa. 15. To say, as appellant does, that "the widow could not take the substituted bequest to her unless both the children died without issue before the death of the testator," is to render meaningless the clause "or such portion of such bequests as may then [on the death of both children, leaving no issue] be undistributed," for, if both died before testator, leaving no issue, there could not possibly have been the prior distribution referred to, which, on the contingency stated, was to be to the children themselves, and hence necessarily after testator's death. Actual distribution to dead people is a "new thing under the sun," yet appellant's contention contemplates either this impossibility, or a breach of the imperative rule that, in construing wills and other writings, words are not to be treated as meaningless, unless no other conclusion is reasonably possible: Joyce's Est., 273 Pa. 404.

Having thus ascertained that testator did not intend appellant's husband to have any interest in the principal of the one-half of the estate, and hence she has none, it is unnecessary for us to consider the technical rules of construction she so earnestly invokes: Packer's Est. (No. 2), 246 Pa. 116.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.