## Conner's Estate.

Argued January 7, 1931. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and
MAXEY, JJ.

*F. T. Anderson,* with him *William Gray,* for appellant.—The last will and testament of Annie J. Conner should be interpreted as a devise of a life estate, and not a fee, to Norman Conner, in premises 7056 Germantown Avenue.

The court below had no jurisdiction of the subject-matter in this cause,

*E. S. Ward,* with him *William E. Caveny,* for appellee.—There is a well established rule that an absolute gift of real or personal estate may be cut down to a lesser estate by subsequent provision of the will: Livezey's App., 106 Pa. 201; Kreb's Est., 184 Pa. 222.

The later of two irreconcilable clauses must prevail: White's Est., 132 Pa. 17.

This proceeding is analogous to a bill in equity to remove a cloud on the title to real property. In such case the common pleas court would have jurisdiction, notwithstanding the fact that the decision of the question involves the interpretation of the will by which the title is acquired: Frederick's Est., 10 Pa. D. & C. 591.

OPINION BY MR. JUSTICE SIMPSON, January 26, 1931:

These three appeals are from a declaratory judgment of the court of common pleas, deciding that Norman Conner was the owner in fee of No. 7056 Germantown Avenue, Mt. Airy, in the City of Philadelphia, under the will of his mother, Annie J. Conner. The only questions we are asked to decide are: 1. Does testatrix's will give to him a fee simple title to the property? and, 2, Had the court of common pleas jurisdiction to decide that question? The decision of the court below was right upon both points.

Testatrix's will, said to be holographic, provides as follows: "I give and bequeath all I may die possessed of to my three children, Norman Conner, Annie Louisa Conner and Alice Williams Conner. The homestead 7056 Germantown Avenue, Mt. Airy, I give to my son Norman Conner, with all it contains, except what may be personal property of my two daughters, Annie L. and Alice W., the balance to be kept as an estate, and after all repairs and expenses are paid, the income to be equally divided between the three, hoping they will live together and love each other until marriage or death parts them, dividing expenses between them, and in

case of death of one, his or her share going to the other two."

If the first sentence of that paragraph stood alone, Norman Conner would get but a one-third interest in 7056 Germantown Avenue, and if the next sentence stood alone, he would unquestionably get a fee in the property. How, then, is this difficulty to be solved? If the two sentences are held to be absolutely conflicting,—a conclusion never reached unless it is unavoidable: Patton's Est., 268 Pa. 367—the second would control, since it is the last expression of the desire of testatrix: Buechley's Est., 283 Pa. 107; Conner's Est., 286 Pa. 382, 388. So, too, as we have often said in cases of constitutional and statutory construction (Phila. v. Com., 270 Pa. 353; Com. ex rel. v. Kline, 294 Pa. 562) and now apply to wills because the underlying reason is equally applicable thereto, where there is an irreconcilable conflict, a general clause must always give way to one which is specific, the general being treated as including only that which is not specifically given.

The true rule of construction, however, is not to treat any portion of a will as surplusage, but to give due effect to every part of it, if it is possible so to do: Bingaman's Est., 281 Pa. 497; Morris's Account, 298 Pa. 540. In the present case this can readily be done, for it is reasonably certain what testatrix intended, when the clause following the devise to Norman Conner is taken into consideration. After that gift, the same sentence states: "the balance to be kept as an estate,"—that is, all that is left after the gift of 7056 Germantown Avenue to her son, shall be kept together and treated as one trust—"the income to be equally divided between the three" children of testatrix. It is clear to us that the true construction of the will requires us to hold that the first sentence is not separately dispositive, but was simply meant to declare that "all I may die possessed of" shall go to the three children in the way prescribed in the next sentence, precisely as it would have done if the will had

read: "I give and bequeath all I may die possessed of to my three children, Norman Conner, Annie Louisa Conner and Alice Williams Conner, [viz.] the homestead 7056 Germantown Avenue, Mt. Airy, I give to my son Norman Conner......the balance to be kept as an estate" for the benefit of all three of my children..

The intention to give to the son an absolute estate in the realty, is further borne out by the fact that he was a lunatic, admittedly known by his mother to be such, and "the homestead 7056 Germantown Avenue" was his home. He had to have a home somewhere and was incapable of making another for himself; what more natural than that his mother should wish him to continue in that home? In cases of ambiguity, the situation of a testator and the circumstances attending him when he made his will, are proper subjects for consideration in construing it: Lippincott's Est., 276 Pa. 283; Pearson's Est., 280 Pa. 224. She could, of course, have given him a life estate, which would have insured his having a home there as long as he lived, but there is nothing in the will expressing such an intent, and section 12 of the Wills Act of June 7, 1917, P. L. 403, 407, expressly declares that the whole estate of the testator shall pass "unless it appear by a devise over, or by words of limitation or otherwise in a will, that the testator intended to devise a less estate." No such language appears in the present will.

The other question is easy of solution. Testatrix died April 5, 1910, and the lien of her debts not of record expired one year thereafter: Section 15 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 476. After the expiration of that time, the devise of 7056 Germantown Avenue, if an absolute estate, as we have found it to be, was no longer within the jurisdiction of the orphans' court. The lunatic's estate, including this property, was in the control of the court of common pleas, and to that court, in which the committee was answerable for its every act, the petition for a declaratory judgment was

properly presented under sections 4 and 8 of the Declaratory Judgments Act of June 18, 1923, P. L. 840.

The judgment of the court below is affirmed, and each appeal is dismissed at the cost of the appellants therein.