## Groner *v.* Groner, Appellant.

Argued April 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*George F. Whitmer*, for appellant.

*J. Villard Frampton*, and with him *Harry M. Rimer* and *James H. Courtney*, for appellee.

Opinion by Trexler, P. J., July 14, 1932:

This was an action in ejectment brought by Susan Groner against Henry Groner to secure possession of certain real estate, which he is now holding.

The decision of the question requires the construction of the will of Joseph Groner, the husband of Susan Groner, and the father of Henry Groner. The portion of testator's will, under consideration, is: "I give, devise and bequeath my estate and property real and personal to my beloved wife, Susan to be held by her in trust during her natural life. At the decease of my beloved wife, Susan, I give, devise and bequeath all my estate and property both real and personal to my son Henry, on condition that he my son Henry shall pay to each of my three daughters the sum of one hundred dollars as follows, to wit, to my daughter

Pauline one hundred dollars at the expiration of two years from the death of my wife;'' (to Mary after four years and to Veronica after six years;) ''each of my daughters shall have the right and privilege to stay and reside upon the premises as long as they shall remain unmarried.''

The intention of the testator is evident. The claim of Henry is that the estate passed to him and that his mother took nothing.

The estate to Henry was not to be enjoyed until after his mother's death. She was entrusted with it as long as she lived. Henry's duty to his sisters to pay certain sums was fixed by reference to the date of his mother's death. It is not reasonable to suppose that the estate should pass into Henry's possession, but that the obligation to pay respective sums to his sisters would be postponed for an uncertain period, until his mother's death, although he would be enjoying the estate in the meanwhile. We may assume that the widow was the chief object of the testator's bounty.

The cardinal rule in the interpretation of wills is to find the testator's intent. Such intent is best arrived at by placing one's self in the position of the testator and reading the will from that standpoint: Pearson's Estate, 280 Pa. 224. Our first duty is to examine the will and if possible ascertain the meaning without reference to canons of construction: Groninger's Estate, 268 Pa. 184; 110 Atl. 485. In case of ambiguity the situation of the testator and attending circumstances may assist, Conner's Estate, 302 Pa. 534, and here the will itself discloses the fact that if appellant's construction be adopted, the son would immediately obtain the whole estate, and the widow would get nothing, and the sums, as already stated, to go to the daughters would in all likelihood be postponed for many years. It is apparent that the purpose of the testator was that the family relationship should be preserved, and that the widow and the

daughters should live together on the land in which the widow had a life tenancy. Is it reasonable to conclude that the testator was so sedulous to provide for his daughters by direction that they should have the right to live on the homestead, while his "beloved wife" should be entirely ignored?

The lower court has very properly observed that if we must come to the conclusion that Joseph Groner's intention was to leave his estate to a thirteen year old son, without making any provision for the maintenance of his wife, it is arriving at a conclusion which is contrary to right.

We feel that the words "in trust" have no legal significance. It is plain that the testator desired to create a life estate in his wife.

The judgment of the lower court entered in favor of the plaintiff is affirmed. The appellant to pay the costs.