## Cassidy's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Charles W. Sweeney,* for exceptant.

*John R. K. Scott, William T. Connor,* and *Hardie Scott,* contra.

STEARNE, J., June 13, 1941.—Testator, by his will, gave his "real estate including my ground rents and my mort-

gages" to his sister. He gave "the bonds and contents of the box containing said bonds in the Girard Trust Company" to Kate M. Sweeney, whom he subsequently married. After the date of his will testator invested in a $10,000 mortgage, which was found, after the death, in his safe deposit box. A codicil, executed after the marriage, republished the will, and the widow elected to take under the will and codicil.

The principal question raised by the exceptions is whether the $10,000 mortgage, so found in the box, passes to the sister or to the widow. The auditing judge awarded the mortgage to the sister. The court agrees with this ruling.

A bequest of "my mortgages" is clearly a *specific legacy:* Hickman's Estate, 122 Pa. Superior Ct. 377; Horn's Estate, 317 Pa. 49; Neville's Estate, 19 D. & C. 345. The subsequent gift of "the bonds and contents of the box", while perhaps in some measure specific, nonetheless, is general *in description.* A general clause must always give way to one which is specific, the general clause being treated as including only that which is not specifically given: Conner's Estate, 302 Pa. 534; Sarver's Estate, 324 Pa. 349. In Conner's Estate, supra, the bequest was of "all I may die possessed". Later in the will testatrix devised a specified piece of real estate to a child. It was decided that the devise passed the specified real estate to the child absolutely. In Sarver's Estate, supra, there was a devise of a "dwelling house" to a daughter. In a subsequent clause of the will it was directed that *all* real estate be converted into cash and the proceeds divided among three named children. The Supreme Court decided that the "dwelling house" passed to the daughter in fee. In our opinion, the principles of these cases unequivocally confirm the ruling of the auditing judge.

As we study the will and codicil together we are persuaded that the auditing judge has correctly ascertained testator's imperfectly expressed intention. Testator said, "real estate including my ground rents and my mort-

gages". He, therefore, apparently regarded mortgages as a form of realty and not as personal property. The will was dated May 4, 1921, and the codicil June 22, 1936. The bond and mortgage in question are dated June 15, 1932. Since the codicil disposes of two pieces of real estate but makes no change in the provision of the will with respect to the gift of the mortgages, we must regard this fact as a reaffirmation of the gift of the mortgage in the will. As decedent was apparently possessed of no other mortgages, any other construction of the will and codicil would render the gift of the mortgage a nullity, whereas the construction adopted by the auditing judge gives effect to all the provisions of both instruments.

Furthermore, it was agreed by the parties that the box in the Girard Trust Company contained $79,200 of United States Government bonds (which went to the widow); the bond and mortgage in dispute; two savings deposit books and a lot of miscellaneous trinkets and jewelry, and some receipted bills and letters. From this we may infer that, when testator gave "the bonds and contents of the box", he used the word "contents" to designate the assorted collection of trinkets and jewels in the box. In connection with this, that the auditing judge denied the widow's claim to the two savings deposit books, also in the safe deposit box. The widow apparently thought this disposition was properly made, as she took no exception thereto. It seems to us that the widow's claim to the mortgage is much stronger than to the savings accounts.

The third exception pertains to the statement in the adjudication that there should be added to the balance for distribution, shown by the account, an item of $1,086.17 relating to transfer inheritance tax paid on real estate, which tax was owing and payable by the devisee. This was plainly an inadvertence since the accountant had collected this sum from the devisee and included the same on the debit side of the account. The auditing judge's attention was not particularly called to this transaction.

He agrees that the exception be sustained. The adjudication is accordingly so modified. All other exceptions are dismissed and the adjudication, as modified, is confirmed absolutely.