Cassidy's Estate.

Argued January 6, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles W. Sweeney,* for appellant.

*William T. Connor,* with him *John R. K. Scott* and
*Hardie Scott,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 23, 1942:
This is an appeal from the decree of the Orphans'
Court of Philadelphia County interpreting the will of

Charles Cassidy who died October 29, 1939. His will contained, inter alia, the following direction: "my Real Estate including my Ground Rents and my Mortgages shall be equally divided between my two Brothers James F. Cassidy, and William A. Cassidy and my sister Mary E. Larrimer, in the event of the death of either or any of them before me, I direct that the share of the one or ones so dying shall be equally divided among my Brothers or Sister surviving." The next paragraph of the will reads as follows: "I direct that the bonds and contents of the Box containing said Bonds in the Girard Trust Company shall be given to Kate M. Sweeney, in the event of her death before me I direct that said Bonds and the contents of said Box shall be divided between my said Brothers and Sister or the survivor of them in equal shares." Subsequent to the execution of the will testator married the above named Kate M. Sweeney, and subsequent to the marriage he on June 22, 1936, executed a codicil which reads as follows: "I do hereby properties at 55 & 59 N. Trenton Ave., Atlantic City, N. J. in case of my death to go to my wife Mrs. K. M. Cassidy Clear of all Incumbrance

(sgd) CHAS. CASSIDY

A codicile to my Will Now in the Girard Trust Company Box at Broad & Chestnut St.

(sgd) CHAS. CASSIDY              Phila Pa

'214 N. Seventeenth St
Phila. Pa."

Testator's wife, Kate M. Cassidy, survives and has elected to accept the provisions of the will and codicil. The sister, Mary L. Larrimer, also survives. The two brothers mentioned in the will predeceased him. Testator left no issue.

In the testator's safe deposit box there was found a $10,000 bond and mortgage, the latter being a lien on property in Philadelphia of which the widow was co-owner before and since her marriage, and United States Government Bonds of the value of $79,200, two savings

bank deposit books, miscellaneous trinkets and jewelry and some receipted bills and letters. Judge LADNER in his adjudication held that the $10,000 bond and mortgage passed to the surviving sister under the specific bequest of "my mortgages" in the section of the will above quoted, and he cited *Sarver's Est.*, 324 Pa. 349, 188 A. 141, in support of the proposition that a specific clause in a will "is to be given prevalence over the general" clause, and *Conner's Est.*, 302 Pa. 534, 153 A. 730, as holding that a general gift must be treated as including only that which is not specifically given.

After arguments on the exceptions to the adjudication, the court in banc sustained the findings and conclusions of the auditing judge, saying through Judge STEARNE: "A bequest of 'my mortgages' is clearly a *specific legacy:* (citing cases). The subsequent gift of 'the Bonds and contents of the Box', while perhaps in some measure specific, nonetheless, is general *in description.* The testator said, 'Real Estate including my Ground Rents and my mortgages'. He therefore apparently regarded mortgages as a form of realty and not as personal property. The will was dated May 4, 1921, and the codicil June 22, 1936. The bond and mortgage in question are dated June 15, 1932. Since the codicil disposes of two pieces of real estate but makes no change in the provision of the will with respect to the gift of the mortgages, we must regard this fact as a re-affirmation of the gift of the mortgage in the will. As the decedent was apparently possessed of no other mortgages, any other construction of the will and codicil would render the gift of the mortgage a nullity, whereas the construction adopted by the auditing judge gives effect to all of the provisions of both instruments. Furthermore, it was agreed by the parties that the box in the Girard Trust Company contained $79,200 of United States Government Bonds (which went to the widow); the bond and mortgage in dispute; two savings deposit books and a lot of miscellaneous trinkets and jewelry, and some re-

ceipted bills and letters. From this we may infer that when the testator gave, 'The Bonds and contents of the box . . .' he used the word 'Contents' to designate the assorted collection of trinkets and jewels in the box. In connection with this, the Auditing Judge denied the widow's claim to the two savings deposit books, also in the safe deposit box. The widow apparently thought this disposition proper for she took no exception thereto. It seems to us that the widow's claim to the mortgage is no stronger than to the savings accounts."

Appellant after correctly stating that "the real problem in this case is determining the intention of the testator as to this bond and mortgage," argues that "Mrs. Cassidy was . . . the one who was to be the chief recipient of his bounty. . . . She received by far the greatest portion of his estate . . . and he executed a codicil . . . shortly after his marriage and in which codicil he leaves the two properties at 55 & 59 N. Trenton Avenue, Atlantic City, N. J. to Mrs. Cassidy and thereby attempts to cut down the gift made in the third paragraph of his will in which he directs that his real estate including his ground rents and his mortgages be given to his sister and brothers or the survivors thereof." We do not find in this argument any reasoning which outweighs the reasoning of the court below or affects the validity of its conclusion. When testator made on June 22, 1936, a codicil to his will, it would have been a simple matter for him had he desired to do so to state that the $10,000 bond and mortgage should be given to his wife. He did not do this. He modified the will in one particular only, to wit, transferring the Atlantic City real estate from that paragraph of his will wherein he provided for his brothers and sister to that paragraph wherein he provided for his wife. It is true that the latter *was* "the chief recipient of his bounty" and the fact that under the will as the court below interpreted it, Mrs. Cassidy still receives by far the larger portion of the testator's estate, whose balance for distribution was $90,230.78, is no

argument for an interpretation of the will which would give her an additional $10,000 and give the sister nothing. The court below interpreted the will so as to carry out what appears to us to have been the testator's intent.

The decree is affirmed at appellant's cost.