**Korpics Estate**

*Raymond C. Haggerty, Jr.* and *Daniel E. Cohen,* for exceptants.

*Jacob S. Kolb,* contra.

GRIFO, J., January 12, 1970.—This matter comes before the court on exceptions to the schedule of distribution, said exceptions having been filed by guardian ad litem appointed by the court . . .

The will of decedent provides as follows:

"ITEM TWO—I give, bequeath and devise all of my personal property of every kind and wheresoever located to my son, Bruce Alexander Korpics, in trust as hereinafter set forth.

"ITEM THREE—I give, bequeath and devise the proceeds from any and all life insurance policies owned by me at the time of my death to my son, Bruce Alexander Korpics, and my daughter, Heather Ann Korpics, share and share alike, in trust as hereinafter set forth. . . .

"ITEM FIVE—I hereby constitute and appoint my brother, Joseph John Korpics, as sole Trustee of my estate to hold and manage same with the duties and powers as follows:

"(a) As to my personal property, devised in item Two of this Will, the Trustee shall dispose of same for cash and shall hold said proceeds in trust for the use and benefit of my son, Bruce Alexander, to make periodical distribution of said proceeds to said son as he deems best.

"(b) As to the proceeds of my insurance policies and any and all residue realized from my estate, not heretofore devised or bequeathed, the Trustee shall hold same in trust with the power to invest same as he deems best for the use and benefit of my daughter, Heather Ann, and my son, Bruce Alexander, to hold same in trust until the younger attains the age of twenty-one (21), at which time said Trustee shall distribute the corpus to each, share and share alike."

In Item Two, testator devises all of his personal property to his son; and in Item Three testator devises the proceeds from all life insurance policies owned by him to his son and daughter, equally. Obviously, there is an ambiguity here in that the phrase "personal property" used in Item Two has a legal meaning that includes all property other than real property, including all intangible property. Yet, in Item Three, testator devises his life insurance policies to both his children, treating these policies as though they were not personal property.

In Item Five(a), testator states that the personal property is to be "disposed of . . . for cash," the proceeds to be held in trust for the benefit of his son; yet in Item Five (b) testator directs his trustee to hold in trust his insurance policies and the residue of his estate and distribute when the younger child attains the age of 21.

Testator's entire estate consisted solely of those items known in the law as personal property, i. e., personal effects, checking accounts, savings accounts, personal checks, life insurance policies, savings certificates and United States Bonds.

To interpret the phrase "personal property" as encompassing all of those items contemplated by the law of the Commonwealth, including cash, stocks and bonds, as well as personal effects, would be to render testator's devise of his insurance policy nugatory. The court stated in the case of the Benedum Estate, 427 Pa. 408, at page 415, 235 A.2d 129 (1967):

". . . A will must be so construed, if possible, as to give effect to every word employed by the testator and a construction which renders any of the words nugatory and futile must be rejected . . . We cannot attribute to a testator an intention to write meaningless words into his will, when another construction gives such words intelligent and effective mean-

ing . . . Unless no other conclusion is reasonably possible, an interpretation will not be adopted which makes any of the provisions of a will mere surplusage."

Thus, according to the doctrine above quoted, the devise of the proceeds of the insurance policies must be given effect in the will at bar.

The rule expressed in Connor's Estate, 302 Pa. 534, 537, is applicable and must be applied in the instant case.

In Connor's Estate, supra, the court said:

"So, too, as we have often said in cases of constitutional and statutory construction (Phila. v. Com., 270 Pa. 353; Com. ex rel. v. Kline, 294 Pa. 562) and now apply to wills because the underlying reason is equally applicable thereto, where there is an irreconcilable conflict, a general clause must always give way to one which is specific, the general being treated as including only that which is not specifically given."

The Benedum Estate, supra, rule and the Connor's Estate, supra, rule can both be readily applied here.

Son, Bruce Alexander Korpics, under Item Two and Item Five(a) receives in trust all of the estate except the proceeds of life insurance policies.

Daughter, Heather Ann Korpics, and son, Bruce Alexander Korpics, receive in trust the proceeds of life insurance policies.

There is no residue, since all personalty was directed to be turned into cash and made a part of the trust in Item Five(a).

Accordingly, the court makes the following:

## ORDER

And now, to wit, January 12, 1970, exceptions filed on behalf of the minor beneficiaries, Bruce Alexander

Korpics and Heather Ann Korpics, are allowed in part and denied in part.

The executor is directed to prepare and file a new audit statement and schedule of distribution in accordance with opinion herewith filed.

The court further directs the matter to be rescheduled for audit along with the account of the executor.