SUR EXCEPTIONS TO ADJUDICATION
LEFEVER, J.,
— The narrow issue raised by the exceptions before the court is whether, *755 as a matter of law, a gift in a will of real property, “including the contents thereof, absolutely,” carries with it three $10,000 savings certificates, several savings accounts and a checking account, the certificates and bank books being in the property at the time of testatrix’ death. The learned auditing judge properly ruled that these items were not part of “the contents thereof.”
Decedent died on April 27, 1970, leaving a will, dated October 22, 1968, which was duly probated. That will directed payment of expenses of decedent’s “illness and funeral;” gave directions for her funeral; and gave $150 for the offering of three sets of Gregorian Masses in three separate Catholic Churches “for the repose of my Soul and the Souls of my family.” The critical fourth paragraph provided:
“I give, devise and bequeath to my nephew, J. Francis Lamb, 323 Greenwood Road, Sharon Hill, Pennsylvania, my property, 4907 Cedar Avenue, Philadelphia, Pa., including the contents thereof, absolutely.”
Testatrix then gave, “All the rest, residue, and remainder of my Estate” in equal shares to five well-known Catholic charities, viz.: St. Charles Borromeo Seminary, Sacred Heart Free Home for Incurable Cancer, The Little Sisters of The Poor, The Society For The Propagation of The Faith and St. Joseph’s Home. Finally, testatrix directed, “that all estate, inheritance and succession taxes on property passing under this my Will shall be paid out of the principal of my general estate to the same effect as if said taxes were expenses of administration, and all legacies, devises and other gifts of principal and income . . . shall be free and clear thereof.”
Counsel for the exceptant points out that the term “contents” has received different interpretations by various courts. He then vigorously urges that in this *756 estate it should include the disputed savings certificates and bank accounts. However, the normal meaning of the phrase “contents of a property” has been clearly and succinctly defined by Administrative Judge Klein, in the Estate of John Renner, Philadelphia Orphans’ Court, no. 3733 of 1946, as follows:
“Normally, when used in its ordinary sense, the phrase, ‘contents of a home’ designates those items of personal property which convert an empty house into a home. It would include furniture, floor coverings, electrical appliances, pictures, articles of decoration, linens, kitchen and silverware, and other articles of similar character commonly used in maintaining a home. Usually the expression would not include cash, jewelry, choses in action or evidences of debt.
“Moreover, a distinction must be drawn between a gift of the contents of a small container, such as a safe or safe deposit box, a trunk, or a box, and a gift of the contents of a building. In the former case the word ‘contents’ should be construed in its broadest possible meaning, consistent with the existing circumstances. In situations such as exist in the present case, in which contents of a home, business establishment, or other building are involved, the meaning of the word ‘contents’ should be restricted to its ordinary and common usage.”
The foregoing was quoted with approval and followed by this court in McCartney’s Estate, 61 D. & C. 112, 113 (1947). See Cassidy’s Estate, 344 Pa. 179 (1942).
The burden of proof in the instant case was upon the claimant to show that the word “contents” in the instant will had a meaning different from the normal, usual one. However, no evidence was presented by the claimant to that effect. Hence, the usual meaning of the word “contents” must apply and the choses in action in dispute were not included. Moreover, if the *757 exceptions were sustained, the realty appraised at $5,500 and the net balance of personal estate amounting to $39,135.35, or a total of $44,635.35, would be awarded to exceptant. To so construe the will would make that document a futility because (1) there would then be no residue to be divided among the five charities designated by testatrix; and (2) there would be no purpose to the sixth paragraph of the will which directed that inheritance and other taxes be paid out of the general estate and that the other gifts of principal and income “shall be free and clear thereof ” because the gifts in the will to the nephew would exhaust the estate and, therefore, would bear the tax —this clause is meaningful only if the nephew’s gifts are limited to the realty and the tangible contents thereof, which go to him free of tax.
It is well established that a court must give meaning to all the language in a will, and that an interpretation which makes some or all of its provisions nugatory is to be avoided: Vandergrift Estate, 406 Pa. 14, 26 (1962). Furthemore, words of legal art in a professionally drawn will must be strictly construed. Most of the cases upon which exceptant relies do not fall into this class, but rather in the group of cases involving holographic wills where a broader and more liberal construction is usually given to such equivocal words as “contents,” “money,” “everything I own,” etc. These cases are not applicable here.
The exceptant has failed to present any evidence, or to cite any authorities, which take the instant case out of the general rule. Hence, for the reasons well stated in the adjudication and those contained herein, the disputed items were not “contents thereof.”
Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.