## Mathews' Estate

*Felix & Felix*, for petitioner.
*Eric A. McCouch*, for guardian ad litem.

SINKLER, J., April 21, 1939.—Testator created a trust of one fourth of his residuary estate, to pay the income therefrom for the maintenance, education, and support of his granddaughter, Shirley Proctor Mathews, as follows:

"(c) I give, devise and bequeath the other of said equal fourth parts or shares into which I have directed my residuary estate to be divided as aforesaid, unto my Trustee by this my Will appointed, its successors and assigns, in Trust, nevertheless, to collect and receive, the rents, income issues, dividends and profits thereof, and to keep the real estate thereof in such good order and repair as may be considered expedient by my Trustee, and to invest, reinvest and keep invested the capital or principal of said Trust, and after paying out of said income all lawful costs, charges, taxes, commissions and expenses incident to the care and management of said Trust, then my Trustee shall pay, expend, use and apply the net income for the maintenance, education and support of my granddaughter, Shirley Proctor Mathews, until she shall attain the age of twenty-one years, when my Trustee shall pay over, transfer and convey unto her, absolutely, clear of all trusts, the capital or principal of said Trust."

A petition has been presented by the Provident Trust Company, the testamentary trustee, for the entry of a decree, authorizing the payment of certain sums out of principal for the education of the minor, who is now 17 years of age. Upon study of the problem, the first impression was that we are without authority to enter the decree, for it would appear to constitute rewriting the will, wherein the testator authorized the use of the income only until the minor reaches 21 years of age. The brief filed in behalf of petitioner and, as well, the brief filed by Eric A. McCouch, Esq., guardian ad litem, have convinced us that under the decisions cited and, as well, the trend of opinion as stated in the Restatement of the Law of Trusts, we have authority to make the decree prayed for.

244

The proceeding is not such as should be commonly resorted to, and such a manifest departure from the terms of the will should be authorized only under exceptional circumstances. The expenditure of the principal sum for the education of the minor in the Drexel Institute may well furnish her with the equipment to earn her own living and, therefore, prove the best use to which the principal of the trust estate could be applied, and the decree will be made accordingly.

Petitioner cites Middleton's Estate, 212 Pa. 119, to the effect that the estate is vested in the minor. This contention is manifestly correct. There is no substitution under the will for the payment of the corpus in the event of the minor's dying before she reaches 21 years of age.

The guardian ad litem cites In re Petition of Charles Potts, 1 Ashm. 340, and other decisions; likewise section 168 of the A. L. I. Restatement of Trusts, and the second comment under the section cited. The latter seems to be directly in point and is as follows:

"b. *Where principal needed for support of sole beneficiary.* If by the terms of the trust it is provided that the income from the trust fund shall be applied for the support or education of a beneficiary and that the principal shall be paid to him on reaching a certain age and no other person is entitled to any interest in the trust property, vested or contingent, and the income is insufficient for the support and education of the beneficiary, the court may direct the trustee to apply the principal, or so much thereof as may be necessary, for the support and education of the beneficiary. Since the purpose of the trust is to support the beneficiary, and since owing to circumstances not anticipated by the settlor the income is insufficient for his support, the court may order an invasion of so much of the principal as is necessary for the beneficiary's support in order to carry out the primary purpose of the settlor."

The decree prayed for will be entered.