# Frisbie's Estate.

*Wills—Construction—Circumstances of testator—Life estate to widow—Power to consume—Remainders—Widow's claim for $5,-000 under Act of April 1, 1909, P. L. 87—Appraisement.*

1. While the courts should search for the intent of the testator only "within the four corners of the will," yet, when occasion calls for it, they must consider the will and interpret its meaning in the light of all the circumstances by which testator was surrounded

when he made it, and, to this end, his family, and the amount and character of his property, may and ought to be taken into consideration.

2. Testator died on June 24, 1917, leaving to survive him a widow and half-brothers and half-sisters, but no father, mother, children or descendants. By the first clause of his will, he devised all of his real estate to his widow for "the period of her natural life," and by the second clause bequeathed his personal property to her to use the income during her natural life, with the right to consume the principal when "necessary for her maintenance." He then provided as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, subject to the life estates heretofore devised and bequeathed to my said wife, I give, devise and bequeath unto such persons as shall be entitled to receive the same under the intestate laws of Pennsylvania." The widow elected to take under the will. She then sought to have set aside to her, out of the residue, and as her share thereof, real and personal property to the value of $5,000, according to the Act of April 1, 1909, P. L. 87. The property was duly appraised, and all of the real estate and part of the personal property was set aside to her. The appraisement showed that the value of the real estate was much less than $5,000. By agreement between the widow and the heirs, the value of the whole estate, real and personal, was fixed at $45,000, and there was nothing to show that, at the time the will was written, testator possessed any other or additional real estate. The court below set aside the appraisement. *Held*, (a) that it was apparent from the language of the will that it was not testator's intention that the widow should take an absolute fee in all of the real estate; (b) that, since the widow was given power to consume, if necessary for her maintenance, all or any part of the personal property, it was impossible, prior to her death, to tell what constituted the "rest, residue and remainder,......real, personal and mixed"; (c) that it was probably not testator's intention to include the widow among the persons entitled to take the residuary estate "under the intestate laws"; (d) that, as no distribution under the intestate laws could arise until after the widow's life interest ended, she had no present right to the $5,000, and was confined to the provisions for her benefit contained in the first two clauses of the will; and (e) that, as the widow was never entitled to an appraisement, the court below was justified in setting it aside.

Argued February 23, 1920. Appeal, No. 102, Jan. T., 1920, by Sarah A. Frisbie, from decree of O. C. Lackawanna Co., No. 532, year 1917, refusing final confirma-

tion of appraisement for widow, in estate of Enos B. Frisbie, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to widow's appraisement under claim for $5,000 as provided by the Act of April 1, 1909, P. L. 87. Before SANDO, P. J.

Exceptions were filed to the appraisement by the half-brothers and half-sisters of the testator. A final decree was entered refusing confirmation of the appraisement. The widow, Sarah A. Frisbie, appealed.

*Error assigned* was decree refusing final confirmation of the appraisement.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,* with him *B. Fenton Tinkham,* for appellant.—At the testator's death his widow was one of the persons entitled to take under the intestate laws.

The widow being in terms included, and these terms being clear and plain, she is not to be excluded unless by words used elsewhere an intention to exclude her clearly appears, either expressly or by necessary implication, and in this case the widow, not being expressly excluded, the fact that she is the life tenant does not prevent her taking as a remainderman: Buzby's App., 61 Pa. 111; Stewart's Est., 147 Pa. 383; Fuller's Est., 225 Pa. 626; Reihle's App., 54 Pa. 97; McFillin's Est., 235 Pa. 175; Fitzpatrick's Est., 233 Pa. 33; Tatham's Est., 250 Pa. 269; Gantz v. Tyrrell, 7 Pa. Superior Ct. 249; Marshall's Est., 262 Pa. 145.

*George Morrow,* for appellees.—Testator did not intend to include his wife among those who would take under the statute, for having already provided for her for life, what he said necessarily implied his intention to exclude her from this class: Tatham's Est., 250 Pa.

269; Sullivan v. Straus, 161 Pa. 145; Worst v. De-Haven, 262 Pa. 39; Powell's Est., 225 Pa. 518; Cunningham's Est., 137 Pa. 621; Storer v. Wheatley's Executors, 1 Pa. 506.

OPINION BY MR. JUSTICE MOSCHZISKER, March 15, 1920:

Enos B. Frisbie died, testate, June 24, 1917, leaving to survive him a widow, Sarah A. Frisbie, two half-brothers and two half-sisters, but no father, mother, children or descendants; by his will, dated March 29, 1913, probated June 29, 1917, he devised all of his real estate to his widow, "for and during the period of her natural life," and bequeathed his personal property to her, to use "the income and the proceeds thereof for and during her natural life," with the right to consume the principal, when "necessary for her maintenance." The will then provides: "All the rest, residue and remainder of my estate, real, personal and mixed, subject to the life estates heretofore devised and bequeathed unto my said wife, I give, devise and bequeath unto such persons as shall be entitled to receive the same under the intestate laws of Pennsylvania."

The widow took under the will; but, claiming to be a member of the class to whom the residue is given, she seeks to have set aside therefrom real and personal property to the value of $5,000, as part of her share of such residue, according to the Intestate Act of April 1, 1909, P. L. 87. She elected to take the $5,000 in real estate, so far as property of that kind was sufficient, and the balance in personal securities.

The property of testator was duly appraised, all of his real, and part of his personal, estate being thereby set aside to give the widow the $5,000 claimed by her, whereupon the brothers and sisters of the half-blood excepted to Mrs. Frisbie's claim, alleging the will, taken as a whole, excludes her from the class of persons to whom the residue of decedent's estate is given, and

hence she has no right to the $5,000 or any other portion of the residuary estate. The orphans' court sustained this contention and refused confirmation of the appraisement; the widow has appealed.

As stated in Stambaugh's Est., 135 Pa. 585, 597, while we should search for the intent of the testator only "within the four corners of the will," yet, "when we come to consider the will and interpret its meaning, we must do so in the light of all the circumstances by which testator was surrounded when he made it"; to this end, "his family, and the amount and character of his property, may and ought to be taken into consideration." See also Glasgow's Est. (No. 1), 243 Pa. 613, 617.

Here, by written stipulation filed of record in the court below, counsel agreed that decedent's estate consisted of one piece of real and certain personal property, totalling approximately $45,000; there is nothing to show, nor is it claimed, that when the will was written testator possessed any other, or additional, real estate; finally, it is apparent from the appraisement that the value of his realty is much less than $5,000.

When we read the will with the facts in mind as to the nature and extent of testator's property, it is apparent the language used does not show an intention that his widow shall take an absolute fee in all of the real estate, as she is now attempting to do; on the contrary, it is expressly stated she is "to have and to hold" such real property "for and during the period of her natural life," and these words, of course, imply that her dominion cannot be exercised beyond that period. Again, since the widow is given power, if necessary for her maintenance, to consume all or any part of the personal property, it is impossible now to tell what constitutes the "rest, residue and remainder,......real, personal and mixed," of decedent's estate, nor can this be ascertained so long as the widow lives.

All of the foregoing considerations indicate that testator probably did not intend to include appellant when,

in the residuary clause of his will, he used the words "such persons as shall be entitled to receive the same under the intestate laws of Pennsylvania." There is much to be said for the view of the court below that the meaning of these words, "taken in connection with the preceding parts of the will," are, that, "having made a satisfactory provision for his wife," Enos B. Frisbie left so much of his estate as might remain after her death to his next of kin, and "it was not the intention of testator that the widow should be entitled to any of his residuary estate"; but, be this as it may, no one is in a position to claim part of the residuary estate while the widow lives. It is clear, under the language of the will, that the right to a distribution in accordance with the intestate law cannot arise until after the widow's life interest ends.

Appellant cites many cases where we rule that a life tenant may be also a remainderman in the property whereof he enjoys the life interest; we do not intend to depart from such authorities, but simply to construe the present will by its own language and in the light of such attending facts—concerning the nature and extent of testator's estate—as properly may be considered.

We cannot agree with appellant's counsel that testator "left the ownership of his property exactly where it would have been if he had executed no will, except that he made it subject to the right of his wife to use all of it during her life and, if necessary for her maintenance, to consume the personalty"; as previously stated, we feel that Mrs. Frisbie is confined to the provisions for her benefit contained in the first two paragraphs of the will, and is not now in a position to claim any definite part of the residuary estate. Of course this means the widow never was entitled to the appraisement under attack, and hence the court below was justified in setting it aside.

The order appealed from is affirmed; costs to be paid out of the estate.