### Reed's Estate.

Argued April 20, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Bronte Greenwood,* with him *James Gardner Sanderson* and *Walter Willard,* for appellant.

*Francis Chapman,* for appellee.

PER CURIAM, May 9, 1932:

Charles D. Reed died March 24, 1889. By the second clause of his will, he created a trust, the income to be paid to his sister, Marie Louise Jackson, during her life and at her death (which occurred July 5, 1906) to divide the estate in three equal portions to be held for her three children, Helen L. Ballou, Lucy R. Sanderson and Horace Jackson, to pay them the net income of their several shares during their respective lives. Testator then provided: "At the decease of any child, then in trust to transfer the principal of his or her share to the lawful issue of such deceased child (if more than one in equal shares), and in default of any such issue to the right heirs of such deceased child."

Helen L. Ballou, one of the life tenants, died February 16, 1930. She left surviving one child Marie Louise Ballou (now Biggar) and was predeceased by a son, Kingsley Ballou, who died April 22, 1920, leaving a will by which he bequeathed all his property to his wife, Marie Estelle Ballou.

The sole question to be determined by this appeal is whether Kingsley Ballou had a vested interest in the estate of testator which should now be awarded to his widow. This involves the interpretation of the second item of decedent's will quoted above. At the readjudication of this estate, the auditing judge held that the interest of Kingsley Ballou had vested in his lifetime and accordingly awarded his share to his widow, and this decree was confirmed by the court below. Appellant, who is the surviving daughter of Helen L. Ballou, has excepted to the decree of readjudication.

In construing the provisions of this will it is important to keep in mind that Kingley Ballou was living at

the time of testator's death. For that reason, under our rules of construction, he took a vested interest in the estate of testator. "Where a legacy is made payable at a future time, certain to arrive and not subject to a condition precedent, it is vested where there is a person in esse at the time of the testator's death capable of taking when the time arrives, although his interest is liable to be defeated altogether by his own death:" Marshall's Est., 262 Pa. 145.

Appellant contends that in view of the language used in the portion of the will already referred to, by which testator directs that, at the decease of any child, his or her share shall be transferred to the "lawful issue of such deceased child," the wife of such issue cannot fall within the classification intended by testator. This is without merit, and our language in Groninger's Est., 268 Pa. 184, 189, is appropriate here: "It is clear that testator—by the directions that, at the life tenant's demise, the property should be divided equally between his children— meant to fix simply the time when the actual enjoyment of the remainders already vested in such children should pass to them; and, of course, in the event of the death of either one, these vested interests would go to those who might be entitled to their respective estates, *as heirs or otherwise.*"

The rules relating to the vesting of remainders have been stated by us many times. For the purposes of this case they are clearly summarized in McCauley's Est., 257 Pa. 377, as follows: "Where a bequest is to a class, the vesting is not postponed because of uncertainty as to who, if any, may be the constituents of the class at the time fixed for the enjoyment of it. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate." See also Massey's Est., 235 Pa. 289; Neel's Est., 252 Pa. 394; Jenning's Est., 266 Pa. 60, and cases cited therein.

The decree of the court below is affirmed at appellant's costs.