## Anthony's Estate

Before Lamorelle, P. J., and Henderson, Van Dusen, Stearne, Sinkler and Klein, JJ., and Marx, P. J., twenty-third judicial district.

*Adolph Eichholz* and *Francis V. Godfrey*, for exceptant.
*W. Albert Sanders*, contra.

LAMORELLE, P. J., November 1, 1935.—The exceptions filed by a daughter of the equitable life tenant who survived her and who, because of this fact, claimed the entire trust estate, to the exclusion of the executrix of the will of a deceased daughter, possess but little merit.

The learned auditing judge held that the principle reenunciated in Carstensen's Estate, 196 Pa. 325, and followed by a long line of decisions, was applicable to the

facts of the instant case, and we are of opinion that his ruling was correct.

At the time of the execution of her will, and of her death, Mary Anthony had a daughter and issue of that daughter, two living children.

She created a trust for the benefit of her daughter for life, with remainder to that daughter's children and the issue of such children who might die, as set forth with particularity in the adjudication. One of the two children (grandchildren of testatrix) died in the lifetime of the cestui que trust leaving no issue. As these two children had vested remainders, subject to being divested in event of death leaving issue (who would take in place), the vested remainders continued effective, and the share of the one child who died passed under her will, and this was so ruled by the learned auditing judge. In the circumstances, further comment or discussion would seem unnecessary: See Rau's Estate, 254 Pa. 464; Bair's Estate, 255 Pa. 169; McCauley's Estate, 257 Pa. 377; Reed's Estate, 307 Pa. 482.

The exceptions filed by the surviving grandchild are dismissed; the exceptions by the husband of the deceased grandchild are withdrawn; and the exception by counsel as to non-allowance of fee is sustained pro forma, though the record does not disclose that any request for compensation was made at the audit. The adjudication is confirmed absolutely.