Bilyeu's Estate.

Argued November 24, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

Robert J. Sterrett, with him H. P. Abramson and G. Newton Greene, for appellant No. 152, and appellee No. 188.

*Joseph C. Henry,* for appellant No. 188 and appellees No. 152.

*Isaac A. Pennypacker,* for appellee.

*Joseph H. Grubb, Jr.,* of *Newbourg & Grubb,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 4, 1943:

The questions here presented are concerned with the proper distribution of a part of the residuary estate of Frazier P. Bilyeu. He died May 14, 1897, leaving the residue of his estate in trust to pay the income to his wife, Helen Van B. Bilyeu, for life, and upon her death "to apportion my estate into as many parts as there are then surviving children of myself and my said wife, or the children of any child who may have died leaving issue, such children of a deceased child to represent, share and share alike, the share the parent would have taken if living; and until each of said children or grandchildren attains the age of twenty-one years, to expend about the maintenance, support and education of such child or grandchild, the net annual income of the portion represented by him or her; and from that time, so far as the portions represented by my sons or grandsons are concerned, until each son or grandson becomes twenty-five years of age, to pay such income to each one personally; and as each son or grandson respectively attains the age of twenty-five years, then to transfer and pay over to him absolutely the portion of the principal of my estate which theretofore had been producing the income paid to such son or grandson. Should any of my said sons or grandsons die before attaining said age of twenty-five years, having left no children to survive him, then the portion of the income and principal of my estate represented by such son or grandson shall be divided among my surviving children or grandchildren as though it had formed part of the original estate apportioned among

such survivors. But as far as concerns the shares represented by my daughters or granddaughters, from the time each one attains the age of twenty-one years, for and during the terms of their natural lives, to pay to each one personally the net income produced by the share of the principal represented by her, and from and immediately after the death of such daughter or granddaughter, to distribute such principal represented by her, share and share alike among any children whom she may have left to survive her; or in default of such children, among my surviving children or grandchildren, as though it had formed part of the original estate apportioned among such survivors".

The widow died June 19, 1935, and upon an adjudication of the trustee's first account the principal of the residuary estate was awarded one-third to Harold D. Bilyeu, a son, one-third to the accountant in trust for Marion B. CcCarty, a married daughter, and one-third to the accountant in trust for Helen Van B. Bilyeu, a minor granddaughter, being the only child of Frazier P. Bilyeu, Jr., a son of testator who had died August 28, 1921. Marion B. McCarty died without issue December 7, 1939, and the present controversy is in regard to the further disposition of her share of the residuary estate. The court below awarded one-half thereof to the trustee for Helen Van B. Bilyeu (now, by marriage, Helen Van Brunt Aff) under the will of the testator, and the other half to the executor and trustee under the will of Harold D. Bilyeu, he having died on October 17, 1937.

The administratrix c. t. a. of the estate of Marion B. McCarty contends that the limitations following the life interest bequeathed to the widow are invalid because they violate the rule against perpetuities, the result being an intestacy which would entitle the estate of Marion B. McCarty to a one-third part of the entire residue. There is no justification for such a claim. At the widow's death the residuary estate was to be apportioned among the testator's then surviving children and

the children of theretofore deceased children. The persons who would thus take were necessarily ascertainable when the widow died and therefore their interests vested at that time. While it is true that a son or grandson was not to receive payment of his share of the principal until he became twenty-five years of age, this amounted only to a postponement of the possession and not of the gift itself; the testator's direction that the income should meanwhile be paid to the son or grandson indicated that a present gift was intended: *Safe Deposit & Trust Co. v. Wood (No. 1)*, 201 Pa. 420, 426, 427, 50 A. 920, 921, 922; *Middleton's Estate*, 212 Pa. 119, 61 A. 808. It is not material, as far as the rule against perpetuities is concerned, that the estates thus vested were subject to divestiture if the beneficiary should die without issue before attaining the age of twenty-five years. The remainder given to the children of a daughter would vest at the time of the daughter's death, and a daughter, of course, was a life in being when the testator died. It may be that the disposition of the remainders after the life estates of granddaughters violates the rule against perpetuities, but this is a question for future consideration if and when the occasion requires. The life estates are valid in any event, the successive limitations not forming such an integrated testamentary scheme that they cannot be separated from one another without defeating the organic plan of the testator; even if, therefore, there are ultimate limitations which transgress the rule against perpetuities the validity of the prior limitations is not affected or disturbed thereby; *Quigley's Estate*, 329 Pa. 281, 198 A. 85; *Wanamaker's Estate*, 335 Pa. 241, 6 A. 2d 852; *Uch's Estate*, 338 Pa. 396, 12 A. 2d 905; *Reed's Estate*, 342 Pa. 54, 19 A. 2d 365.

Helen Van Brunt Aff, to whom an award was made in trust under the will, contends that it should have been made to her outright, because of the general rule of construction that restrictions on original shares do not apply to subsequently accruing shares unless the intent

that they should do so is clearly expressed: *Goodin's Estate,* 328 Pa. 548, 551, 196 A. 1, 3. We agree with the court below that here the intent that such restrictions should apply *was* clearly expressed. The testator provided that the remainder following the share of a daughter dying without children should be distributed among his surviving children or grandchildren "as though it had formed part of the original estate apportioned among such survivors." The words "as though it had formed part" mean that the distribution of such remainder should be in the same manner and according to the same terms and restrictions as that of the original estate. It is hardly conceivable that, having guarded his daughters and granddaughters by providing that their shares should be held in trust, the testator intended that that protection should be removed in the case of any additional shares to which they might become entitled.

Decree affirmed at cost of appellants.