## Mulert Estate.

Argued September 27, 1948. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Eugene N. Aleinikoff*, with him *James L. Morrison,
David L. Bazelon,* Assistant United States Attorney General, *Irwin A. Swiss,* Assistant United States Attorney,
and *Owen M. Burns,* United States Attorney, for appellant.

*Charles K. Robinson,* with him *H. A. Robinson,* for
appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1948:

This appeal concerns the construction of a will.
Testator, a widower, with two surviving sons, made
elaborate detailed provisions in disposing of his estate.
The testamentary scheme consisted of a large number of
pecuniary gifts to relations, friends and employes, with
the residue placed in trust for the benefit of his sons.
By the seventh item of the will he placed $125,000 in
trust, with testamentary provisions consisting of seven
separate sub-divisions or paragraphs designated (a) to
(g), inclusive. In each paragraph testator bequeathed
a stated annual sum to a named person for life and
upon the decease of such individual the amount so given,
or a diminished sum, was directed to be paid to a substituted person or persons for life. Upon the death of
the last beneficiary in each lettered paragraph, the pay-

ment of income from that paragraph was passed to the residuary estate for the benefit of his sons until the death of the last beneficiary named in all seven paragraphs, when the trust terminated and the corpus passed into the residuary estate for the use of the sons.

As part of item seven appears the following provision, around which this litigation revolves:

"In case the income produced from this trust fund is more than the total amounts above set forth and I do not make any other provision for the distribution of the same, I order and direct that such excess income shall be prorated among the persons mentioned in this Paragraph in the same proportions as each one's share bears to the total amount distributed hereunder; but if the income produced from this trust fund is insufficient to take care of the annual payments hereinbefore directed to be made, in such event, sufficient income shall be paid over by the Trustees of my residuary estate, to enable all the annual payments contemplated in this Paragraph of my Will to be made in full."

The "total amount" required to set up all the annuities under item seven amounted to $4,050. The income from the fund does not exceed this amount. Some of the *substituted* annuities are less than the amount of the *initial* annuity. This difference the trustees have been paying into the residue for the benefit of testator's sons. Thus: in (b) a sister is given an annuity of $700 but if her daughter survives, which she does, the daughter receives but $500. The sister died in 1931; since then the daughter has been receiving $500 annually. The difference or $200 the trustees have been paying into the residue for the benefit of the sons. In this case such payments to the residue approximate $3,000. The total sum so paid into the residue is $6,425, which the Attorney General of the United States, as successor to the Alien Property Custodian, claims as successor in title to German Nationals, beneficiaries under the will. It is maintained that such excess should be distributed pro rata

among the annuitants *currently* receiving annuities. The learned auditing judge rejected this contention and his ruling was affirmed by the court in banc. The appeal followed.

The intention of testator is the polar star in the construction of wills: *Sarver's Estate,* 324 Pa. 349, 188 A. 141; *Prime's Petition,* 335 Pa. 218, 6 A. 2d 530. This intention is to be gathered from the whole will and is not limited to any particular clause: *Williamson's Estate,* 302 Pa. 462, 153 A. 765; *MacMackin Estate,* 356 Pa. 189, 51 A. 2d 689; *March Estate,* 357 Pa. 216, 53 A. 2d 606; *Siple et ux. v. Greumelli,* 357 Pa. 237, 53 A. 2d 607. Every will is in a sense unique and therefore precedents are of little value; *Kirkpatrick's Estate,* 280 Pa. 306, 124 A. 474; *Brennan's Estate,* 324 Pa. 410, 188 A. 160; *Jackson's Estate,* 337 Pa. 561, 12 A. 2d 338. Each will is its own best interpreter, and a construction of one is no certain guide as to the meaning of another: *Bechtel v. Fetter,* 267 Pa. 173, 111 A. 50; *Williamson's Estate,* supra; *Emmerich Estate,* 347 Pa. 307, 32 A. 2d 400.

The language of this will, so considered, seems plain. Obviously testator's sons were the principal objects of his bounty. They are provided for in the residuary clause. Carved out of his estate by item seven of the will is the trust fund of $125,000. This trust is erected to insure the payment of annuities, set up in seven separate subdivisions or paragraphs of the item. As the *last* person in *each* sub-division dies such sum passes into the residue for the benefit of the sons until the last annuitant in all seven sub-divisions dies, when the *corpus* passes into the residue for the sons' benefit. When testator contemplated the possibility of excess or insufficient income to carry out this purpose, and used the words *"total amounts"*, manifestly he was referring to the "over all" sums required to carry out his directions. Considering the testamentary plan as a whole, if testator had intended that the net income was to be applied, from time to time, solely among the then current annuitants he

would have said so. Testator certainly did not intend to give *diminishing* successive annuities currently *augmented* by the very amounts causing the diminutions. It was only if the net income exceeded the *total* amount of the annuities that the excess was to be divided pro rata as indicated.

As the two sons are the sole surviving heirs of testator we need not consider whether there has been a possible violation of the statute against accumulations.

Decree affirmed. Costs to be paid out of the estate.