## Elsbree Estate.

Argued April 13, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles M. Culver,* with him *Michael J. DeSisti,* for appellant.

*William G. Schrier,* with him *William L. Wilson,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 24, 1949:

This appeal relates to the construction of a will. The question is whether the remainder is vested or contingent. The court below held the remainder to be contingent. This appeal followed.

Alexander C. Elsbree, the testator, died April 2, 1896, leaving to survive him as his heirs and next of kin a daughter, Jessie Allen, who was married and had a son, Alexander E. R. Allen. Under the provisions of his will, dated July 18, 1894, his residuary estate was devised and bequeathed to named trustees to pay therefrom, under spendthrift provisions, such sums of money as the daughter might need for "the comfortable support and maintenance of herself and children" *for the term of her life.* Testator further provided for the education of his daughter's children *"if she leave child or children to survive her."* The controlling dispositive words of the will relating to the remainder are: "At

the death of my said daughter Jessie Allen I give, bequeath and devise unto her child or children . . . the residue and remainder of my estate . . . to be paid and transferred unto said child or children upon their becoming twenty-one years of age or as soon thereafter as can be done without injury to my estate. . . . In the event of my daughter . . . dying without child or children . . . or having a grand child or grand children . . . who shall live and survive to the age of twenty one years then and in such event I direct all the residue and remainder of my estate . . . to be distributed paid to and taken by my heirs under the intestate laws of the State of Pennsylvania they to take and hold the same as my said estate would pass and be taken according to said laws under like circumstances and conditions the same as if I had made no will and testament. But if said Jessie Allen shall have more than one child and anyone shall live to become twenty one years of age or if she shall have more than one grandchild and anyone shall live to become twenty one years of age then my estate shall vest and become absolute in such child or all of such children as the case may be then and at that time alive and surviving or such grand child or children alive and surviving upon becoming twenty one years old."

Testator thus provided that any interest passing to either grandchildren or greatgrandchildren should only *"vest and become absolute"* if they were alive *"at that time"*, to wit: at the date when they attained twenty-one years and were *"surviving"* at the decease of the daughter of testator.

The daughter survived testator and died intestate June 7, 1947. Her son, Alexander, over the age of twenty-one years, predeceased her on April 7, 1933, leaving no issue but survived by a mentally incompetent widow.

The will specifically provided that in the event of the, death of the, daughter without *surviving* children or grandchildren—and there were none—the remainder should pass to the testator's heirs under the intestate law. It was not until the daughter died that the remaindermen *could* be ascertained. If the daughter was survived by child or children they would take; if no child or children survived, the grandchildren took; and if there were neither children nor grandchildren surviving the life tenant, the remainder was passed to testator's heirs under the intestate laws. A remainder is always held to be contingent when it is limited to take effect on an event which may never happen: *Kountz's Estate (No. 1)*, 213 Pa. 390, 62 A. 1103; *McCreary Trust*, 354 Pa. 347, 352, 47 A. 2d 235. It was not *until the daughter's death* that it could be ascertained whether or not she was survived by children or grandchildren. As she was not, the contingency contemplated by testator occurred. In that event testator directed that his estate should be distributed according to the intestate law. Any doubt as to the *time* when the heirs and next of kin should be determined—i. e. at testator's death or the death of the life tenant—was resolved by testator himself when he said in the named contingency that his estate should be distributed as if "[he] had made no will and testament." This could only mean *at testator's death.*

The decree is affirmed at cost of appellant.

---

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

I cannot agree with the construction which the majority opinion places upon the will of this testator. On the contrary, it seems to me quite clear that his grandson, Alexander E. R. Allen, took a vested, not a contingent, remainder in the residuary estate.

The question depends entirely upon the interpretation to be given to a single paragraph of the will and can best be determined by analyzing that paragraph sentence by sentence.

After providing for the support and maintenance of his daughter, Jessie Allen, during her lifetime, the testator proceeds: "At the death of my said daughter Jessie Allen I give, bequeath and devise unto her child or children issue of the body of the said Jessie Allen the residue and remainder of my estate . . . to be paid and transferred unto said child or children upon their becoming twenty-one years of age or as soon thereafter as can be done without injury to my estate and the said Manson Elsbree and Joseph S. Thurston [his trustees] to hold in trust for said child or children the said estate until they severally arrive at said age of twenty one years they if more than one to share and share alike in the division of said estate." I assume that no one would dispute the proposition that, up to this point, the paragraph confers a vested estate upon Alexander (Jessie's only child). The fact that the estate is not to be *paid and transferred* to him until he becomes 21 years of age does not, of course, make the gift any the less vested. By a veritable host of authorities, stemming from at least as early as *Clobberie's Case* in 1677 (2 Vent. 342, 1 Eq. Cas. Abr. 294, 86 E. R. 476), there has been established the familiar rule that the time when the *payment* or *transfer* is to be made has no significance whatever as far as the *vesting of the estate* is concerned.

We come, then, to the next sentence of the paragraph which is as follows: "If my said daughter Jessie Allen shall leave child or children and shall live and survive beyond the time where said child or children shall arrive at the age of twenty one years I hereby authorize and empower said trustees . . . to advance out of my estate and the income thereof to said child or each of said

children as they severally become twenty one years old and thereafter such sums of money as they shall deem just and proper from time to time in their aid and assistance in starting said child or children in business and occupations said sums of money so advanced to said child or children to be charged to him." The object of this provision is wholly clear. In the preceding sentence the testator had provided that at the death of Jessie the estate should be paid over to her child *on arriving at twenty one;* he now provides that if the child had *already* arrived at twenty one *before* the death of Jessie the trustees were authorized, instead of waiting for her death, to pay part of the estate to the child at twenty one and thereafter, if they deemed it advisable. In short, it is clear that, the remainder being vested in Jessie's child, complete payment is to be made upon his arriving at twenty one *after* Jessie's death, but partial payment, if thought desirable, upon his arriving at twenty one *before* Jessie's death.

We pass now to the next sentence and the one upon which the majority opinion apparently relies. "In the event of my daughter Jessie Allen dying without child or children issue of her body or having a grand child or grandchildren issue of her child or children who shall live and survive to the age of twenty one years then and in such event I direct all the residue and remainder of my estate . . . to be distributed paid to and taken by my heirs under the intestate laws of the State of Pennsylvania . . . the same as if I had made no will and testament." Here the testator is providing for a third situation which did not in fact come to pass. Having covered the case of a child of Jessie reaching twenty one before her death, and the case of a child reaching twenty one after her death, he now deals with the possibility of there being no child who attains that age at all. But Alexander, Jessie's child, did attain that age. To me the fallacy of the majority opinion is that it

construes this sentence as meaning, contrary to all that has gone before, that the testator desires his property to be distributed to his heirs at large if Jessie should die without being *survived* by a child attaining the age of twenty one years. The sentence makes no requirement of such a survival, that is, a survival *after Jessie's death;* it provides only for the case of Jessie dying without *having* a child or grandchild who shall "live and survive" to the age of twenty one years; the word "survive" is obviously used merely as synonymous with "live"; the child is to live and survive—not his mother's death— but until he attains a minimum age of twenty one years.

We come to the concluding sentence: "But if said Jessie Allen shall have more than one child and anyone shall live to become twenty one years of age or if she shall have more than one grand-child and anyone shall live to become twenty one years of age then my estate shall vest and become absolute in such child or all of such children as the case may be then and at that time alive and surviving or such grand child or children alive and surviving upon becoming twenty one years old." Here, rounding out his entire testamentary scheme, the testator seeks to cover the possibility of Jessie having *more* than one child or grandchild attaining the age of twenty one years, and he provides in that event that the estate shall go to each of such children "then and at that time alive and surviving." What is meant by "then and at that time alive and surviving?" It means, as the context clearly indicates, the time when any child lived to become twenty one years of age, at which time the estate was to become absolute in all of the children "at that time alive and surviving". The majority opinion says it means "at the date when they attained twenty one years *and were surviving at the decease of the daughter of testator."* But there is no mention whatever in this sentence of the will of "the decease of the daughter of testator" or any requirement of a child

surviving her decease as a condition of the estate becoming vested in such child. It may be added that since Jessie never had more than the one child the provision made by this last sentence of the paragraph never came into effect.

I conclude by calling attention to the hornbook rule that, even if the will be regarded as ambiguous in its disposition of the residuary estate, a construction supporting a vested estate is always preferred to one holding the estate contingent: *Renner Estate,* 358 Pa. 409, 413, 57 A. 2d 836, 838. It was said in *Riverside Trust Co. v. Twitchell,* 342 Pa. 558, 564, 565, 20 A. 2d 768, 771: "As between vested and contingent interests, the law favors vested interests: . . . Any doubt will be resolved in favor of vesting, and an interest will be held to be contingent only if that intent by the testator is clearly shown."

I would reverse the decree of the court below and order distribution to the Estate of Alexander E. R. Allen, Jessie's son.

Mr. Justice PATTERSON and Mr. Justice JONES join in this dissent.