## Goodhart Estate

*William L. Sunday,* for accountant.
*James H. Stewart, Jr.,* for life tenant.
*John M. Eakin,* guardian ad litem for remainder-men.

SHUGHART, P. J., May 13, 1975—Anna M. Goodhart died November 12, 1943, and in and by her last will and testament dated June 12, 1942, inter alia, devised the remainder of her estate, including a farm and mill property, to the First Bank and Trust Company of Mechanicsburg in trust for the life of her granddaughter Ann Fortney, now Ann Fortney Bowman (hereinafter referred to as Ann). The bank was also named as executor of the last will and testament.

After an account as executor and trustee was filed, exceptions were made to it by both Ann and the guardian ad litem of her children. Subsequently the bank filed separate accounts as executor and as trustee. The matter was referred to an auditor who filed a report and, on remand, filed a supplemental

report, exceptions to which are now before us for consideration.

The testimony discloses that, at the time of the testatrix' death, Ann was a singlewoman. She was married subsequently and four children have been born to her, ranging in age from 17 years (twins) to 23 years. In the exceptions, there are allegations of improper payments out of principal for the benefit of the life tenant and, on the other hand, of payments from income which should have been charged against corpus. The principal question, however, is whether or not provisions in the will violate the rule against perpetuities. Ann contends that such a violation has taken place and that she is therefore entitled to the corpus of the estate; on the other hand, the guardian ad litem for the four children contends that the rule against perpetuities is not violated and the children therefore take the corpus of the trust following the death of Ann, the life tenant.

## RULE AGAINST PERPETUITIES

The will provides that the residue of the estate is to be held in trust for the benefit of Ann during her life, then provides:

"Should she [Ann], leave surviving her any child or children, then the income of said trust shall be paid to said child or children per stirpes, until the youngest child of the said Ann Fortney becomes twenty-five years of age, at which time said trust shall end and the principal shall be paid over to the child or children or descendants of deceased children of the said Ann Fortney, per stirpes."

If Ann dies without issue surviving, the trust corpus is to be distributed among named legatees and Seidle Memorial Hospital.

Any bequest under the will must be governed by the rule against perpetuities as it existed at the death of the testatrix in 1943. A disposition will violate the rule if it creates a future interest which *by possibility* may not become vested within the lives in being at the death of testatrix plus 21 years and the period of gestation: Newlin Estate, 367 Pa. 527, 80 A. 2d 819 (1951); Lockhart's Estate, 306 Pa. 394, 159 Atl. 553 (1932). In the instant case, the measuring life is that of Ann Fortney Bowman, the life beneficiary, for she had no children at the time of death of the testatrix.

If, as Ann contends, the gift of the trust corpus to her children or their descendants does not vest until the time of enjoyment—after her death and when the youngest of the children reaches 25 years of age—then the bequest possibly may not vest until after the time allowed by the rule. In contending that the time of vesting is the time of enjoyment, Ann argues (1) that the children of the life beneficiary take no interest in the corpus of the trust unless they survive until the youngest of them becomes 25 years of age and (2) that descendants of deceased children take by way of purchase.

There is no clear indication that survival is a condition precedent to the gift rather than a mere contingency upon which a vested interest may divest. "A legacy or bequest will be held contingent or vested *as time is annexed to the gift or only to the payment of it*, and the question whether or not a testator intended that the ultimate devisee should survive the time of actual distribution in order to possess a vested interest is not to be judged by the mere form of expression employed at any one point, *but by the whole scheme of the devise or will*" (emphasis theirs). Allen Estate, 347 Pa. 364, 367-8, 32 A. 2d 301 (1943) quoting Brown's Estate,

289 Pa. 101, 114, 137 Atl. 132 (1927). There is no doubt testatrix knew how to make survival a condition precedent to a gift, for she clearly provided that only children living at the death of the life beneficiary were to share in the income of the trust. Such language is conspicuously absent from the gift of the corpus. See Brumbach Estate, 373 Pa. 302, 95 A. 2d 514 (1953); Dana Estate, 89 D. & C. 499 (O.C. Phila., 1954). Further indication of the intent of testatrix is found in the fact that income of the trust is to be distributed to the same class of devisees who are to share in the principal. This scheme of bequest is indicative of an intention to give a present gift of a future interest: Bilyeu's Estate, 346 Pa. 134, 29 A. 2d 516 (1943); Rhodes' Estate, 147 Pa. 227, 23 Atl. 553 (1892); Reed's Appeal, 118 Pa. 215, 11 Atl. 787 (1888). Such a gift is vested, even though the interest may be divested by the contingency that the taker not survive to the time of enjoyment: Newlin Estate, supra; McCauley's Estate, 257 Pa. 377, 101 Atl. 827 (1917). The interest of the children of the life beneficiary in the corpus of the trust, therefore, vests, at the latest, at the death of the life beneficiary — at the time her survivors are ascertainable, and thus does not violate the rule against perpetuities.

If the word "or" in the phrase "or descendants of deceased children" truly meant the disjunctive, the survival to the youngest child's attaining 25 years of age would probably be a condition precedent and the gift would violate the rule against perpetuities. However, in the context in which it is used, the word "or" clearly means "and" because it is preposterous to think that testatrix would cut off the living children of Ann when her youngest child reaches 25 years in favor of the descendants of

Ann's deceased children. Obviously, she meant to include not only the living children but "descendants" of the children deceased. When "or" is read as "and," the gift to Ann's children is vested upon their birth, subject to divestiture in favor of the descendants of a child who dies before the youngest child attains 25 years and is survived by descendants. Under these circumstances, the divestiture is a condition subsequent, and the gift as of this time is fully vested. The rule against perpetuities is therefore not violated.

## OTHER EXCEPTIONS

Our decision that the rule against perpetuities has not been violated makes it unnecessary to pass upon the other exceptions that have been filed. The children, through their counsel, have reached an agreement with the accountant whereunder the accountant agrees to reimburse the corpus of the estate in the amount of $1,943.70. These exceptions, having been resolved by settlement, need not be passed upon. There was discussion in the auditor's report concerning the right of the accountant to be reimbursed from the income of the estate for the amount of the surcharges, but we do not regard this matter as being before us in this proceeding and, therefore, the various exceptions filed by the life tenant against the accountant regarding alleged improper allocation of payments between the principal and income need not be passed upon.

## COSTS

The auditor divided the costs between the life tenant and the accountant. We feel, however, that the costs should be divided three ways — among the trustee, the life tenant and the remaindermen. The

imposition of costs upon the trustee is fully justified by the matter in which it handled the trust funds and by the inordinate delay in filing an account. The life tenant has benefited from the carelessness of the trustee, and, further, is the losing party. The children have profited by the outcome of the issue raised, which was not resolved without difficulty. For these reasons the costs are divided equally among the trustee, the life tenant and the remaindermen.

## ORDER

And now, May 13, 1975, the exception of the life tenant, Ann Fortney Bowman, to the auditor's report, holding that the rule against perpetuities was not applicable to the trust created by Anna M. Goodhart, be and is hereby overruled and the costs are equally divided among the trustee, the life tenant and the remaindermen.