## Schlader Petition

*Charles E. Duncan, Jr.*, for petitioner.

TROUTMAN, J., January 7, 1957.—Pearl Schlader, a resident of the City of Shamokin, filed a petition under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, 12 PS §831, for the purpose of having the court enter its judgment or decree construing the terms and provisions of the last will and testament of Bessie A. Schlader, deceased, and praying that the court enter such judgment decreeing that the said petitioner is entitled to the possession of real estate owned by the said decedent at the time of her death and that under said will the said Bessie A. Schlader did devise and bequeath all of her property to the said petitioner and her husband, now deceased.

A hearing was held on said petition and testimony taken. The matter is now before this court for disposition.

The record discloses that Pearl Schlader is the widow of Peter Schlader, he having died on October 31, 1955. Nicholas Schlader, a brother of Peter Schlader, died in 1938, leaving to survive him, a widow, Bessie Ann Schlader, who died in May 1940, leaving a last will and testament, the construction of which is before this court for disposition.

During their lifetimes, Nicholas J. Schlader and Bessie Ann Schlader were the owners of and in possession of a certain lot or piece of ground situate in Edgewood, in the Township of Coal, County of Northumberland, known upon the plot of Monroe H. Kulp and C. R. Savidge, as the eastern one half of lot numbered 6, in block numbered 26 and having erected thereon the eastern one half of a double two-story stucco dwelling house. Upon the death of Nicholas J.

Schlader, his widow, Bessie Ann Schlader, became the sole owner of the said premises.

During the last few years of the lives of Nicholas J. Schlader and Bessie A. Schlader, petitioner Pearl Schlader and her husband, Peter Schlader, cared for and nursed them, the said Nicholas J. Schlader having died while being cared for in the home of the said petitioner and her husband. For some time before the death of Bessie A. Schlader, she was being cared for by the said petitioner and her husband.

Peter Schlader was the only living brother of Nicholas J. Schlader and at the time of the death of Bessie Ann Schlader, she had no known living relatives.

On February 26, 1940, Bessie Ann Schlader executed her last will and testament, the said will having been drawn by one T. B. Martin, of the City of Shamokin. In this will which was probated following her death, she directed that all her just debts and funeral expenses be paid by her executor, appointed Peter Schlader to be her executor and in the second paragraph used the following language: "I give, devise and bequeath to my brother-in-law and sister-in-law Peter Schlader and Pearl Schlader, respectively, as they are the ones who has taken care of me during my illness". There were no other bequests or devises mentioned in the will. It will be noted that in her last will and testament testatrix did not state what she gave, devised and bequeathed to her brother-in-law and sister-in-law. Evidently, through inadvertence, there was left out of the paragraph the phrase "all my estate, real, personal and mixed". Petitioner contends that a proper construction of the will should include this phrase in order to comply with the intentions of testatrix.

A testatrix's intention is the polar star in construction of wills, which is to be gathered from the whole will and is not limited to any particular clause: In re Mulert's Estate, 360 Pa. 356. In a will obscurely ex-

pressed the court may transpose, supply or reject words or sentences where warranted by the immediate context, or the general scheme of the will, so as to bring out the natural sense and testator's obvious meaning. A word or words may be supplied where there is a clear inference from the whole will that the words were omitted: Riegel v. Oliver, 352 Pa. 244, 247.

In examining the will in this case, it is quite obvious that testatrix intended to dispose of her property. She directed that her debts and funeral expenses be paid and the fact that she appointed an executor for her last will and testament indicates a clear intention that she wanted her estate to pass by testamentary disposition. In the clause of her will in question, testatrix does use words of gift and also words which clearly show her intention to reward her brother-in-law and sister-in-law for having taken care of her during her illness. Manifestly testatrix intended to give to her brother-in-law and sister-in-law everything that she had. This inference is justified beyond a reasonable doubt inasmuch as she made no other disposition of her property and had no other objects of her bounty living.

The interpretation of the will in this case clearly shows that it was the intention of testatrix that all of her property should pass to her brother-in-law and sister-in-law. To hold otherwise would clearly defeat the purpose of testatrix in making her will.

### Order

And now, to wit, January 7, 1957, it is ordered, adjudged and decreed that under the terms and provisions of the last will and testament of Bessie A. Schlader, deceased, all of her property, real, personal and mixed, was given, devised and bequeathed to her brother-in-law, Peter Schlader, and her sister-in-law, Pearl Schlader.