## Henderson Estate.

Argued November 16, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Reuben Miller,* with him *R. Jere Bloche,* and *Newman & Master,* for appellants.

*Donald E. Hogeland,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 2, 1962:

This is an appeal from the decree of the Orphans' Court of Philadelphia County which confirmed absolutely the final account of the trustees in the above estate.

Testatrix died May 22, 1910, leaving a last will dated the 9th day of November, 1908. She was survived by four children, George, Louisa, Gertrude and William.

Testatrix in and by the 13th paragraph of her will divided her residuary estate "into four equal parts or shares".

"One of these four equal parts or shares I give, devise and bequeath unto my son George Henderson, absolutely and in fee simple.

*"The three remaining equal fourth parts or shares,*\* I give devise and bequeath unto my Trustees . . . IN TRUST NEVERTHELESS . . .

. . .

"To pay the said rents, issues, incomes and profits in quarterly payments equally among my children William Henry Henderson, Louisa B. Henderson Shum-

---

\* Italics throughout, ours.

way and Gertrude W. Henderson Horner for and during the whole term of their lives, . . .

"And upon the further Trust that from and after the death of any of my said children to pay and transfer the principal of such child's share to the children of such deceased child, or the issue of any deceased child of such child, per stirpes, . . . but *should any of my said three children* die leaving no children or other issue, living at the time of such child's death, I direct that the portion of the principal share of, any such deceased child of mine shall continue to constitute a part of my residuary estate for the benefit of *the remaining cestui que trustent* in the trusts in this will mentioned *and in the proportion hereinabove · designated,* subject, nevertheless, to the trusts conditions and limitations *hereinabove declared."*

George died on June 28, 1936, and was survived by two children. Louisa died November 24, 1943, and was survived by two children. William died June 9, 1949, without issue. Gertrude died April 18, 1960, and was survived by three children.

Upon the death of Gertrude, who was testatrix's surviving life tenant, the present trustees' account was filed. The Orphans' Court awarded William's share equally per stirpes among the issue of testatrix's other three children. The sole question involved is whether George's issue share in the distribution of the principal of William's share.

The pertinent principles applicable in the interpretation of a will have been so recently set forth in *Heaton Estate,* 404 Pa. 360, 172 A. 2d 293; *Wanamaker Estate,* 399 Pa. 274, 159 A. 2d 201; *Hope Estate,* 398 Pa. 470, 159 A. 2d 197; *Bald Estate,* 385 Pa. 176, 122 A. 2d 294, that a reiteration thereof is unnecessary.

Examining testatrix's will, and particularly the 13th paragraph thereof and her scheme of distribution, we find that she gave a one fourth equal part or share of

454

the principal of her residuary estate absolutely and in fee simple to her son George. This was contrary to the bequest she made for her three other children, and as everyone knows a gift of principal is more advantageous and far more desirable for living expenses and enjoyment than is a gift of income from the same amount of principal.

Testatrix then gave "the three remaining equal fourth parts or shares" in trust to pay the income equally among her children William, Louisa and Gertrude, for their respective lives and at their respective deaths to pay the principal of such child's share to the then living children and issue of such deceased child per stirpes. There then follows the crucial clause: "but should any of my said three children die leaving no children or other issue, living at the time of such child's death, I direct that the portion of the principal share of any such deceased child of mine [shall not be paid outright but] shall continue to constitute a part of my residuary estate *for the benefit of the remaining cestui que trustent* in the trusts in this will mentioned *and in the proportion hereinabove designated,* subject, nevertheless, to the trusts conditions and limitations *hereinabove declared."*

It is clear to us that should William die (as he did) without leaving children or issue, the portion of the principal share from which William was receiving the income shall continue to constitute a part of the residuary estate for the benefit of the remaining cestui que trustent. George was not a cestui que trust. He received his share (as above noted) outright, absolutely and in fee simple. Moreover, testatrix added the words "and *in the proportion hereinabove designated"* meaning, thereby, a division among the survivors of William, Louisa and Gertrude, because George was indisputably not a cestui que trust(ent), and, in addition, neither George nor his children or issue were subject "to the

trusts conditions and limitations *hereinabove declared.*"
George, and necessarily his children, had received the
benefit of a far greater gift, namely, the principal of
testatrix's one fourth share outright, and (we repeat)
George's share did not constitute, within testatrix's
language, meaning and intent, a part of her residuary
estate "for the benefit of the remaining* cestui que
trustent", whom testatrix had already named, to wit,
her children, William, Louisa and Gertrude. Equally
important, George's outright share was *not* "subject
. . . to the trusts conditions and limitations *hereinabove
declared.*"

The lower Court came to a contrary conclusion be-
cause it felt (a) that testatrix did not intend inequality
among his grandchildren and (b) because of the fol-
lowing trust provision which appeared in a *subsequent*
part of the residuary contingent gifts.

"In the event, however, of the decease of any of
my children *before me* [there were none] leaving law-
ful issue living at the time of my decease, then I direct
my Trustees to use and apply the income of such
child's share for the support, maintenance and educa-
tion of the issue of such child until each one of said
issue arrives at the age of twenty-one years, when I
direct that the principal of such child's share shall be
divided into as many equal parts as there are issue of
such child then living and be paid and transferred to
them respectively in equal shares; . . ."

So far as inequality is concerned, testatrix herself
created an inequality when she gave one fourth of the
principal of her residuary estate outright to her son
George, and left the remaining three quarter shares in

---

* While no will has a twin brother, *Newlin Estate*, 367 Pa. 527,
80 A. 2d 819, this will, in an important respect, is similar to *Britt
Estate*, 369 Pa. 450, 87 A. 2d 243, where we interpreted similar
broad language to reach the same conclusion reached herein.

trust for her other three children and their children or issue. A court has no right to create equality among grandchildren even if we think that is desirable, unless the testatrix clearly intended to create equality among all her grandchildren, and this she failed to do.

Even more important, the testamentary trust language upon which the appellee and the lower Court rely, *provides for a trust which never came into existence.* Furthermore, this subsequent contingent trust was *not* "subject . . . to the trusts conditions and limitations [in the bequests] *hereinabove* declared"; this trust was created and declared by testatrix in the *subsequent* provisions of her will and cannot possibly be construed to include cestui que trustent in trusts *hereinabove* declared with respect to prior portions of her will, nor could it fall within the words "and in the proportion hereinabove designated."

Decree reversed, each party to pay own costs.