### Jones Estate.

Argued March 26, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David B. Buerger*, with him *Glenn B. Reed, Jack G. Armstrong, Charles C. Stilley*, and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for appellant.

*J. Garfield Houston*, with him *J. Henry O'Neill*, and *Blaxter, O'Neill, Houston & Nash*, for appellees.

*Joseph G. Robinson, David M. Gilmore, Mason Walsh, Jr.*, and *Reed, Smith, Shaw & McClay*, for appellee.

*Robert L. Kirkpatrick*, and *Kirkpatrick, Pomeroy, Lockhart & Johnson*, for estate, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 16, 1963:

Appellant contends that the remainder interest in the residuary clause of testator's will, i.e., a gift to a class, violated the Rule against Perpetuities and therefore an intestacy resulted, and appellant became entitled to an interest in the principal of the invalid residuary trust. The Orphans' Court held that the Rule was not violated in its application to this will. While it has several times been said that no will has a twin brother,* the language of the Jones' will bequeathing and devising the remainder interest in controversy is so similar to the language in Harrah's will, viz., *Harrah Estate,* 364 Pa. 451, 72 A. 2d 587, that this case is ruled by that decision.

The Decree of the lower Court is affirmed on the able opinion of Judge WOLK, which is reported in 29 Pa. D. & C. 2d 437. Each party to pay own costs.

Mr. Justice BENJAMIN R. JONES and Mr. Justice COHEN concur in the result.

_____

\* *Newlin Estate,* 367 Pa. 527, 536, 80 A. 2d 819; *Burleigh Estate,* 405 Pa. 373, 379, 175 A. 2d 838; *Henderson Estate,* 405 Pa. 451, 455, 176 A. 2d 428.