507 A.2d 853

**ESTATE of Ellen Drexel MILLS, Settlor.**

**Appeal of Samuel W. MILLS, Jr. & Barbara K. Mills.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed April 10, 1986.

Edward J. Kaier, Philadelphia, for appellant.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from an order of distribution of trust principal. The trust in question was created by an irrevocable deed of trust in 1917. Settlor provided therein that the trustee accumulate income until each of her children reached the age of twenty-one. At that time, the child would receive one equal share of such accumulated income. Thereafter the child would receive the net income on his or her share of the principal for life. Upon the death of the child,

> ... the principal of the said share shall be paid over absolutely to the issue of such deceased child, being the lineal descendants of ... [Settlor] ... in equal shares absolutely.[1]

When Settlor's son, Samuel Wynne Mills died, the trustee proposed to pay one-third of his share to each of his children, Samuel W. Mills, Jr., Barbara K. Mills and Alexandra Devine. A guardian *ad litem* was appointed to represent the two minor children of Alexandra Devine. The guardian argued that the language of the deed required a per capita distribution so that the five parties, Settlor's three grandchildren and two greatgrandchildren, would each receive one-fifth of the share of the principal. The auditing judge agreed with the per capita distribution and the court *en banc* affirmed. Samuel W. Mills, Jr. and Barbara K. Mills appealed. Finding no error in the determination, we affirm.

Appellant argues that the words "in equal shares absolutely" do not require an equal distribution among all beneficiaries, i.e., a per capita distribution, but rather an equal distribution among beneficiaries of the same genera-

---

1. Settlor further provided for the payment of income and principal shares in the event that a child died prior to attaining the age of twenty-one as follows: if a deceased child left issue, the child's share was to be paid to the child's issue; if a child died without issue, that child's share was to be paid to Settlor's surviving children and the issue of deceased children per stirpes.

tion, i.e., a per stirpes distribution. We are unable to agree with appellant's interpretation of the relevant case law. In *Hamilton Estate*, 454 Pa. 495, 312 A.2d 373 (1973), the trust principal was bequeathed to "such persons as would be entitled to share in the distribution of my estate under the intestate laws ... share and share alike." In affirming a per capita distribution to the testatrix's nephews, grand-nephews and grandnieces, Justice Pomeroy noted the presumption that the words "share and share alike" or their equivalent require a per capita distribution. Similarly, in *In re Hoover's Estate*, 417 Pa. 263, 207 A.2d 840 (1965), the same words were held to require a per capita distribution to the testator's last surviving child and seven surviving grandchildren. A distribution "equally amongst the children of my children" was held to require a per capita distribution in *In re England's Estate*, 414 Pa. 115, 200 A.2d 897 (1964). Contrary to appellants' argument, the word "equally" prima facie means a per capita distribution. *Burleigh Estate*, 405 Pa. 373, 175 A.2d 838 (1961). Absent other language disclosing an intention to distribute stirpitally, the words "equally to be divided" and the like favor per capita, rather than per stirpes, distribution. *Davis's Estate*, 319 Pa. 215, 179 A. 73 (1935).

Appellants argue, however, that the general scheme of distribution of the deed of trust provides sufficient support for an intent to distribute all funds per stirpes. The only stirpital distribution in the deed is found in the gift over to surviving children and issue of deceased children of any share of a child who dies before the age of twenty-one without leaving issue. In that instance, Settlor clearly stated that the issue of deceased children were "to take per stirpes and not per capita absolutely." Para. Second (c). We must therefore agree with the court *en banc's* quotation from *Bache Trust*, 43 Pa.D. & C.2d 780 (1968):

> Since it is obvious that [Settlor] knew how to make a stirpital gift when he so intended, we must assume that he intended this gift to be per capita and thus give effect to the meaning of the plain language used by him.

Finally, appellants urge us to consider the relative equities of the two distribution schemes. Which is the fairest or most equitable distribution is not for this court to say. Settlor determined this herself and the words of her deed bind us. A court cannot rewrite such a document in order to create what some think is a fairer or more equitable distribution of property. *In re Hoover's Estate, supra; In re Henderson's Estate,* 405 Pa. 451, 176 A.2d 428 (1962).

Order affirmed.